**IN RE: John Joseph CASCONE,**
**Debtor.**

**Case No. 3:16–bk–3431–PMG**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 18, 2017

Marc E. Dwyer, Chiumento Selis Dwyer, PL Attys. at Law, Palm Coast, FL, for Debtor.

Scott E. Bomkamp, United States Trustee, Orlando, FL, for U.S. Trustee.

## ORDER ON DEBTOR'S MOTION FOR PRELIMINARY INJUNCTIVE RE-LIEF, AND BARBARA ANZILOT-TI'S MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S MO-TION

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court for an evidentiary hearing to consider the Debtor's Motion for Preliminary Injunctive Relief (Doc. 51), and Barbara Anzilotti's Motion for Summary Judgment on the Debtor's Motion for Preliminary Injunctive Relief (Doc. 77).

After the Debtor filed his bankruptcy case, a State Court in Georgia entered an Income Deduction Order (IDO) to enforce a child support obligation owed by the Debtor. In the current Motion, the Debtor asks the Court to prohibit the deduction of money from his salary under the IDO.

Section 362(b)(2)(C) of the Bankruptcy Code permits the court-ordered withholding of a Chapter 11 debtor's income for the payment of a domestic support obligation. Additionally, the Order that established the Debtor's child support arrearage in this case is not void as a violation of the automatic stay, because the collection action was excepted from the stay under § 362(b)(2)(B). Accordingly, the deduction from the Debtor's income under the IDO should not be prohibited, and the Debtor's Motion for Preliminary Injunctive Relief should be denied.

### Background

The Debtor, John Joseph Cascone, is a surgeon at Florida Hospital, and had gross taxable income in 2016 in the approximate amount of $536,112.00. (Docs. 9, 49).

On March 20, 2006, the State Court in Georgia entered a Final Consent Order which (1) determined that the Debtor is the father of Barbara Anzilotti's three children, and (2) ordered the Debtor to pay child support to Anzilotti commencing on April 1, 2006. Beginning on April 1, 2008, the amount of the child support was $4,000.00 per month. (Debtor's Exhibit 1).

On June 6, 2016, Anzilotti filed a Motion for Contempt against the Debtor in the Georgia State Court. (Debtor's Exhibit 2).

On September 9, 2016, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code.

On September 21, 2016, the Georgia State Court entered an Order on Anzilotti's Motion for Contempt. (Debtor's Exhibit 4). Paragraph 2 of the Order states:

The parties' Final Consent Order provided that the respondent (Father) was to pay "$4,000.00 per month, or $1,333.00 per child." The Father now

argues that when the parties' oldest child "aged out" of child support, his support obligation automatically reduced by $1,333.00. This is not the case—the law does not allow the Father to modify the Court's award in such a fashion. Such a modification would require him to come to court with a modification petition and provide evidence that the new amount is warranted by the child support guidelines. (Citations omitted). Thus, the Father's child support obligation continued at $4,000.00 monthly even when the oldest child "aged out" and continues at that rate to the present. The Court finds the Father to be in arrears in the amount of $42,300.00. Due to the misleading language in the Decree, the Court DECLINES to hold him in willful contempt.

(Debtor's Exhibit 4)(Emphasis supplied).

On October 31, 2016, Anzilotti filed a Motion for Income Deduction Order in the Georgia State Court. (Exhibit to Doc. 77).

On November 21, 2016, the Georgia State Court entered an Income Deduction Order for Respondent to Pay. (Exhibit to Doc. 77). The IDO directed the Debtor's employer to deduct the sum of $7,000.00 per month from the salary due to the Debtor. The IDO further provided that the deduction consisted of $4,000.00 per month in "current support," and the sum of $3,000.00 per month to pay the "past due support" in the amount of $42,300.00 as determined by the September 21 Order.

The Debtor subsequently filed a Motion to Convert his bankruptcy case, and the Chapter 7 case was converted to a case under Chapter 11 of the Bankruptcy Code on January 10, 2017. (Docs. 41, 43, 45).

On January 26, 2017, the Debtor filed a Motion for Preliminary Injunctive Relief in the converted case. (Doc. 51). In the Motion, the Debtor asserts that Anzilotti violated the automatic stay by prosecuting the contempt motion in September of 2016, and also by seeking the IDO in October and November of 2016. Consequently, the Debtor asks the Court to order Anzilotti "to immediately cease garnishment of Debtor's wages, and release all property of the bankruptcy estate."

**Discussion**

Section 362(b)(2)(C) of the Bankruptcy Code permits the court-ordered withholding of a Chapter 11 debtor's income for the payment of a domestic support obligation. Additionally, the order that established the Debtor's child support arrearage in this case is not void as a violation of the automatic stay, because the collection action was excepted from the stay under § 362(b)(2)(B) of the Bankruptcy Code. Accordingly, the deduction from the Debtor's income under the IDO should not be prohibited at this time.

The term "domestic support obligation" is defined in § 101(14A) of the Bankruptcy Code to include a debt that accrues before, on, or after the bankruptcy petition date, and that is (1) owed to a child of the debtor or the child's parent, (2) in the nature of support, (3) established before, on, or after the petition date by a court order, and (4) not assigned to a nongovernmental entity. 11 U.S.C. § 101(14A). The section was intended to strengthen the rights of a spouse or child of the debtor by defining a "domestic support obligation" as a debt that is "established or subject to establishment before, on, or after" the filing of a bankruptcy petition. In re Peterson, 410 B.R. 133, 135 (Bankr. D. Conn. 2009).

This case involves a domestic support obligation within the meaning of § 101(14A). The debt was originally established pursuant to the Final Consent Order dated March 20, 2006, which determined the support owed by the Debtor as

the father of Anzilotti's three children. (Debtor's Exhibit 1).

### A. Section 362(b)(2)(C)

■ Generally, § 362(b)(2)(C) of the Bankruptcy Code permits the court-ordered withholding of a debtor's post-petition income for the payment of a domestic support obligation. Section 362(b)(2)(C) provides:

**11 USC § 362. Automatic stay**

. . .

(b) The filing of a petition under section 301, 302, or 303 of this title, . . . does not operate as a stay—

. . .

(2) under subsection (a)—

. . .

(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

11 U.S.C. § 362(b)(2)(C)(Emphasis supplied). By enacting § 362(b)(2)(C), "Congress sought to enable a DSO creditor to reach assets of the estate post-petition without having to seek relief from the stay." In re Gonzalez, 832 F.3d 1251, 1255 (11th Cir. 2016). "The purpose of this provision is to allow income withholding to be implemented or to continue after a Chapter 11, 12, or 13 petition is filed, just as it would if a Chapter 7 petition were filed." 146 Cong. Rec. S11683–02 (daily ed. Dec. 7, 2000)(statement by Sen. Grassley)(quoted in In re Gonzalez, 832 F.3d at 1254).

In In re Peterson, 410 B.R. 133, 135–36 (Bankr. D. Conn. 2009), for example, the Court found that § 362(b)(2)(C) permitted a support creditor to commence an action to establish a domestic support obligation "with respect to the withholding of income" in a Chapter 11 case.

At the same time BAPCPA included income (stated as "earnings from services") as property of the estate, it also expressly stated that the automatic stay does not bar the withholding of that property for the payment of a domestic support obligation. Compare § 1115(a), with § 362(b)(2)(C), and H.R. Rep. No. 31, 109th Cong., 1st Sess. 214 (2005)(stating that revision to § 362(b)(2) "permits the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation").

In re Peterson, 410 B.R. at 135(Emphasis in original). In other words, § 1115(a) of the Bankruptcy Code defines "property of the estate" in an individual debtor's Chapter 11 case to include the debtor's post-petition earnings. And § 362(b)(2)(C) of the Bankruptcy Code specifically provides that the stay does not bar the withholding of "income that is property of the estate" for the payment of a domestic support obligation. Consequently, the Court in Peterson held that the stay did not prohibit the Chapter 11 debtor's estranged spouse from obtaining a state court order to withhold the debtor's post-petition income to pay a domestic support obligation. In re Peterson, 410 B.R. at 136.

■ Similarly, in this case, the Debtor converted his Chapter 7 case to a case under Chapter 11 in January of 2017, and his post-conversion earnings are property of the Chapter 11 estate under § 1115(a) of the Bankruptcy Code. The Income Deduction Order entered by the Georgia State Court provides for the Debtor's employer to deduct the sum of $7,000.00 per month from his earnings to pay the Debtor's current and "past due" child support obligations. Accordingly, the Court-ordered deduction is the "withholding of income that is property of the estate" to pay

the Debtor's domestic support obligation, and is not barred by the automatic stay.

## B. Section 362(b)(2)(B)

■ Despite the general allowance for the withholding of income under § 362(b)(2)(C), the Debtor contends that the deduction from income should not be permitted in this case, because the deduction stems from a void contempt order. Specifically, the Debtor asserts that the Georgia State Court entered the contempt Order establishing his child support arrearage after he filed his bankruptcy petition, and that the contempt Order therefore is void as a violation of the automatic stay.

To support his assertion, the Debtor relies primarily on the decision in In re Jordahl, 555 B.R. 861 (Bankr. S.D. Ga. 2016). In Jordahl, the debtor's former wife filed a proof of claim based on a state court contempt order for child support that had been entered post-petition, and the debtor objected to the proof of claim. The Court found that the state court contempt proceeding violated the automatic stay, and disallowed the former wife's claim because the underlying contempt order was void.

The decision in Jordahl, however, involved a Chapter 13 case, and therefore is materially different from the Debtor's case for purposes of the exception to the automatic stay provided by § 362(b)(2)(B) of the Bankruptcy Code.

Section 362(b)(2)(B) provides that the filing of a bankruptcy petition does not operate as a stay "of the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. § 362(b)(2)(B)(Emphasis supplied).

In a Chapter 13 case, property of the estate includes (1) all property of the debtor as of the commencement of the case under § 541, (2) all property "of the kind specified" in § 541 that the debtor acquires after the commencement of the case, and (3) "earnings from services performed by the debtor after the commencement of the case." 11 U.S.C. § 1306(a). In Jordahl, therefore, the Court concluded that the post-petition contempt order was void, because "payment of the prepetition child support arrearage under the Contempt Order could only have come from property of the estate," with the result that "the exception to the automatic stay under § 362(b)(2)(B) does not apply." In re Jordahl, 555 B.R. at 866.

Unlike the debtor in Jordahl, however, the Debtor in this case initially filed his petition under Chapter 7 of the Bankruptcy Code, not under Chapter 13 of the Bankruptcy Code. The case remained pending as a Chapter 7 case at the time that the Georgia State Court entered the order establishing his child support arrearages.

In a Chapter 7 case, property of the estate includes property of the debtor as of the commencement of the case under § 541, but does not include the wages a debtor earns or the assets that he acquires after the bankruptcy filing. Although a Chapter 7 debtor may be required to forfeit certain prepetition assets, his postpetition acquisitions and earnings are not subject to liquidation as property of the estate. Harris v. Viegelahn, —— U.S. ——, 135 S.Ct. 1829, 1835, 191 L.Ed.2d 783 (2015)(quoted in In re Botson, 531 B.R. 719, 727 (Bankr. N.D. Ohio 2015)).

In this case, the arrearage Order was entered by the Georgia State Court while the Debtor's case was a Chapter 7 case. Consequently, the Order was excepted from the automatic stay under § 362(b)(2)(B) of the Bankruptcy Code, because it involved Anzilotti's collection of

the support obligation from property that was not property of the Chapter 7 estate.

In In re Anderson, 463 B.R. 871 (Bankr. N.D. Ill. 2011), for example, a Child Representative filed a motion to modify the stay in a Chapter 7 case, and the Court stated:

> [U]nder § 362(b)(2)(B) of the Code the automatic stay does not prevent collection of a domestic support obligation from property that is not property of the estate. . . . Therefore, the Child Representative is free to collect on the obligation due her without restriction of the automatic stay so long as such collection is from property that is not part of the estate available to creditors generally. *Collier on Bankruptcy* ¶ 362.05. In Chapter 7, the estate includes property held by the debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). This means that property acquired after the filing of a Chapter 7 bankruptcy petition, including post-bankruptcy earnings, is not property of the estate and is subject to collection free of the automatic stay.

In re Anderson, 463 B.R. at 877(Emphasis supplied). The Court in Anderson therefore permitted the Child Representative to pursue collection of the domestic support obligation from property or earnings acquired by the Chapter 7 debtor after his bankruptcy filing.

In this case, the Georgia State Court entered the Order that established the Debtor's child support arrearage on September 21, 2016, while the Debtor's case was a Chapter 7 case. Accordingly, the Order is not void as a violation of the automatic stay, because Anzilotti's collection action was excepted from the stay under § 362(b)(2)(B) of the Bankruptcy Code.

### Conclusion

After the Debtor filed his bankruptcy case, a State Court in Georgia entered an Income Deduction Order (IDO) to enforce a child support obligation owed by the Debtor. In the current Motion, the Debtor asks the Court to prohibit the deduction of money from his salary under the IDO.

Section 362(b)(2)(C) of the Bankruptcy Code permits the court-ordered withholding of a Chapter 11 debtor's income for the payment of a domestic support obligation. Additionally, the Order that established the Debtor's child support arrearage in this case is not void as a violation of the automatic stay, because the collection action was excepted from the stay under § 362(b)(2)(B) of the Bankruptcy Code. Accordingly, the deduction from the Debtor's income under the IDO should not be prohibited at this time, and the Debtor's Motion for Injunctive Relief should be denied.

Accordingly:

**IT IS ORDERED** that:

1. The Debtor's Motion for Preliminary Injunctive Relief is denied.

2. Barbara Anzilotti's Motion for Summary Judgment on the Debtor's Motion for Preliminary Injunctive Relief is granted to the extent set forth in this Order.